Arby Aiwazian (Cal. State Bar No. 269827)
  aa@calljustice.com
Arman Marukyan (Cal. State Bar No. 327150)
  arman@calljustice.com
Dominic Scarangella (Cal. State Bar No. 301592)
  d.scarangella@calljustice.com
**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

EMMALIE SEIJAS, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;

        Plaintiff,

    vs.

THE JACKSON LABORATORY, an unknown business entity; THE JACKSON LABORATORY, WEST, a Maine corporation; and DOES 1 through 100, inclusive,

        Defendants.

Case No.:  2:24-cv-03423-DJC-AC

[Removed from Sacramento Superior Court, Case No. 24CV020626]

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.**

(1)  Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2)  Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);
(3)  Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(4)  Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(5)  Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);
(6)  Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);
(7)  Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);
(8)  Violation of California Business & Professions Code §§ 17200, et seq.
(9)  Violation of California Labor Code § 2698, et seq. (California Labor Code Private Attorneys General Act of 2004)

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff EMMALIE SEIJAS ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, and alleges as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This class action was originally brought in the Superior Court for the County of Sacramento pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The "amount in controversy" for the named Plaintiff, including but not limited to claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2.      The Sacramento County Superior Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      The Sacramento County Superior Court has jurisdiction over Defendants because, upon information and belief, Defendants are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by California courts consistent with traditional notions of fair play and substantial justice.

4.      Venue is proper in the Sacramento County Superior Court because, upon information and belief, Defendants maintain offices, have agents, employ individuals, and/or transact business in the State of California, County of Sacramento.

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

1

**PARTIES**

2       5.     Plaintiff EMMALIE SEIJAS is an individual residing in the State of California,

3 County of Sacramento.

4       6.     Defendant THE JACKSON LABORATORY, at all times herein mentioned, was

5 and is, upon information and belief, an employer whose employees are engaged throughout the

6 State of California, including the County of Sacramento.

7       7.     Defendant THE JACKSON LABORATORY, WEST, at all times herein

8 mentioned, was and is, upon information and belief, an employer whose employees are

9 engaged throughout the State of California, including the County of Sacramento.

10       8.     At all relevant times, Defendant THE JACKSON LABORATORY and

11 Defendant THE JACKSON LABORATORY, WEST were the "employer" of Plaintiff within

12 the meaning of all applicable California laws and statutes.

13       9.     At all times herein relevant, Defendant THE JACKSON LABORATORY,

14 Defendant THE JACKSON LABORATORY, WEST, and DOES 1 through 100, and each of

15 them, were the agents, partners, joint venturers, joint employers, representatives, servants,

16 employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all

17 times relevant hereto were acting within the course and scope of their authority as such agents,

18 partners, joint venturers, joint employers, representatives, servants, employees, successors, co-

19 conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with

20 the ratification, knowledge, permission, encouragement, authorization and/or consent of each

21 defendant designated as a DOE herein.

22       10.     The true names and capacities, whether corporate, associate, individual or

23 otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues

24 said defendants by such fictitious names. Plaintiff is informed and believes, and based on that

25 information and belief alleges, that each of the defendants designated as a DOE is legally

26 responsible for the events and happenings referred to in this Complaint, and unlawfully caused

27 the injuries and damages to Plaintiff and the other class members as alleged in this Complaint.

28 ///

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

**LAWYERS for JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

11.    Defendants THE JACKSON LABORATORY, THE JACKSON LABORATORY, WEST, and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

12.    Plaintiff further alleges that Defendants, directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members and aggrieved employees so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

13.    Plaintiff brings this action on her own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under California Code of Civil Procedure section 382.

14.    The proposed class is defined as follows:

> CLASS. All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from October 10, 2020 to final judgment and who reside in California.

> SUBCLASS A. All class members who received overtime compensation at a rate lower than their respective regular rate of pay because Defendants failed to include all shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay in the calculation of the regular rate of pay for overtime pay purposes.

> SUBCLASS B. All class members who earned shift differential pay/commissions/non-discretionary bonuses/non- discretionary performance pay that was not used to calculate the amount of the meal break or rest break penalty/premium payment.

///

1     SUBCLASS C. All class members who were required by Defendants to stay on

2     Defendants' premises for rest breaks.

3     15.     Plaintiff reserves the right to establish additional subclasses as appropriate.

4     16.     The class is ascertainable and there is a well-defined community of interest in

5     the litigation:

6          a.     Numerosity: The class members are so numerous that joinder of all class

7          members is impracticable.  The membership of the entire class is

8          unknown to Plaintiff at this time; however, the class is estimated to be

9          greater than fifty (50) individuals and the identity of such membership is

10         readily ascertainable by inspection of Defendants' records.

11         b.     Typicality: Plaintiff's claims are typical of all other class members' as

12         demonstrated herein.  Plaintiff will fairly and adequately protect the

13         interests of the other class members with whom she has a well-defined

14         community of interest.

15         c.     Adequacy: Plaintiff will fairly and adequately protect the interests of

16         each class member, with whom she has a well-defined community of

17         interest and typicality of claims, as demonstrated herein.  Plaintiff has no

18         interest that is antagonistic to the other class members.  Plaintiff's

19         attorneys, the proposed class counsel, are versed in the rules governing

20         class action discovery, certification, and settlement.  Plaintiff has

21         incurred, and during the pendency of this action will continue to incur,

22         costs and attorneys' fees, that have been, are, and will be necessarily

23         expended for the prosecution of this action for the substantial benefit of

24         each class member.

25         d.     Superiority: A class action is superior to other available methods for the

26         fair and efficient adjudication of this litigation because individual joinder

27         of all class members is impractical.

28     ///

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

e.  <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

17. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a.  Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.  Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c.  Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.  Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e.  Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

///

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

f.      Whether Defendants failed to pay all wages due to Plaintiff and the other

class members within the required time upon their discharge or

resignation;

g.      Whether Defendants complied with wage reporting as required by the

California Labor Code; including, *inter alia*, section 226;

h.      Whether Defendants failed to reimburse Plaintiff and the other class

members for necessary business-related expenses and costs;

i.      Whether Defendants' conduct was willful or reckless;

j.      Whether Defendants engaged in unfair business practices in violation of

California Business & Professions Code section 17200, et seq.;

k.      The appropriate amount of damages, restitution, and/or monetary

penalties resulting from Defendants' violation of California law; and

l.      Whether Plaintiff and the other class members are entitled to

compensatory damages pursuant to the California Labor Code.

18.     Class certification of the First through Eighth causes of action is appropriate

pursuant to Rule 23(b)(3) because the aforementioned questions of law and fact common to

the class predominate over any questions affecting only individual members of the class, and

because a class action is superior to other available methods for the fair and efficient

adjudication of this litigation. Defendants' common and uniform policies and practices have

unlawfully denied Plaintiff and the other class members meal period premiums for all meal

periods that were not provided in compliance with the applicable Industrial Welfare

Commission ("IWC") Order and California Labor Code, have denied them rest period

premiums for all rest periods that were not provided in compliance with the applicable IWC

Order and California Labor Code, have denied them of minimum wages for all hours worked,

have denied them payment of their final wages in a timely manner, have denied them of

accurate wage statements in compliance with the California Labor Code, have denied them

from getting reimbursed for necessary business related expenses, and amount to unfair

competition under California Business and Professions Code Sections 17200 et seq. The

damages suffered by individual class members are relatively small compared to the expense and burden of individual prosecution of this litigation. For this reason, as well as the fact that class members currently employed by Defendants may fear direct or indirect retaliation from Defendants for prosecuting an action against Defendants, the class members' interests in individually controlling the prosecution of this action is minimal. In addition, a class action in this forum is desirable as it will eliminate the risk of inconsistent rulings regarding the legality of Defendants' policies, practices, and procedures. Managing this case as a class action will not present difficulties as the parties can utilize approved methods of random statistical sampling and expert testimony at trial.

19.    Once class certification is granted, Plaintiff will send notice to all members of the class consistent with the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure. Specifically, Plaintiff will submit a proposed notice to the Court for its approval, stating (i) the nature of this action, (ii) the definition of the certified class, (iii) the class claims, issues, and/or defenses, (iv) that a class member may enter an appearance through an attorney if he or she so desires, (v) that the Court will exclude from the class any member who requests exclusion, (vi) the time and manner for requesting exclusion, and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).

## PAGA ALLEGATIONS

20.    At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

21.    At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty, including unpaid wages and premium wages, to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

///

///

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

22.    Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom the alleged violations were committed.

23.    Plaintiff was employed by Defendants and the alleged violations were committed against her during her time of employment and she is, therefore, an aggrieved employee. Plaintiff and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are current or former employees of Defendants, and the alleged violations were committed against them.

24.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

a.    The aggrieved employee shall give written notice by online submission (hereinafter "Employee's Notice") to the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

b.    The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

25.    On August 6, 2024, Plaintiff provided written notice by online submission to the LWDA and by certified mail to Defendants THE JACKSON LABORATORY and THE JACKSON LABORATORY, WEST of the specific provisions of the California Labor Code

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

1    alleged to have been violated, including the facts and theories to support the alleged violations.

2    Plaintiff did not receive an LWDA Notice within sixty-five (65) days of the date of the

3    submission of Plaintiff's Notice.

4        26.    Therefore, the administrative prerequisites under California Labor Code section

5    2699.3(a) to recover civil penalties, including unpaid wages and premium wages per

6    California Labor Code section 558 against Defendants, in addition to other remedies, for

7    violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a),

8    1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802 have been satisfied.

9                        **GENERAL ALLEGATIONS**

10       27.    At all relevant times set forth herein, Defendants employed Plaintiff and other

11   persons as hourly-paid or non-exempt employees within the State of California, County of

12   Sacramento.

13       28.    Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-

14   exempt "Animal Care Trainee", from approximately June 2021 to approximately December

15   2023, in the State of California, County of Sacramento.

16       29.    Defendants hired Plaintiff and the other class members and classified them as

17   hourly-paid or non-exempt employees, and failed to compensate them for all hours worked

18   and missed meal periods and/or rest breaks.

19       30.    Defendants are in the business of operating laboratories that perform biomedical

20   research.

21       31.    Defendants had the authority to hire and terminate Plaintiff and the other class

22   members, to set work rules and conditions governing Plaintiff's and the other class members'

23   employment, and to supervise their daily employment activities.

24       32.    Defendants exercised sufficient authority over the terms and conditions of

25   Plaintiff's and the other class members' employment for them to be joint employers of

26   Plaintiff and the other class members.

27       33.    Defendants directly hired and paid wages and benefits to Plaintiff and the other

28   class members.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

34.    Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

35.    Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law.

37.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

38.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

39.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

40.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to relieve Plaintiff and other class members of all duties, failed to relinquish control over Plaintiff and the other class members' activities, failed to permit Plaintiff and other class members a reasonable opportunity to take, and impeded or discouraged them from taking thirty (30) minute uninterrupted meal breaks no later than the end of their fifth hour of work

for shifts lasting at least six (6) hours, and/or to take second thirty (30) minute uninterrupted meal breaks no later than their tenth hour of work for shifts lasting more than ten (10) hours.

41.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

42.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

43.    Plaintiff is informed and believes, and based thereon alleges, that Defendants required Plaintiff and the other class members to remain on Defendants' premises during purported rest periods, thereby failing to relieve them of all employer control.

44.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay for the payment of meal or rest period premium wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and meal or rest period premium wages in the same workweek.

45.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked. Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

1 members worked off-the-clock performing work duties, including but not limited to donning

2 and doffing personal protective equipment and attending to tasks that were required to be

3 completed.

4       46.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

5 knew or should have known that Plaintiff and the other class members were entitled to receive

6 all wages owed to them upon discharge or resignation, including overtime and minimum

7 wages and meal and rest period premiums, and they did not, in fact, receive all such wages

8 owed to them at the time of their discharge or resignation.

9       47.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

10 knew or should have known that Plaintiff and the other class members were entitled to receive

11 all wages owed to them during their employment.  Plaintiff and the other class members did

12 not receive payment of all wages, including overtime and minimum wages and meal and rest

13 period premiums, within any time permissible under California Labor Code section 204.

14       48.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

15 knew or should have known that Plaintiff and the other class members were entitled to receive

16 complete and accurate wage statements in accordance with California law, but, in fact, they

17 did not receive complete and accurate wage statements from Defendants.  The deficiencies

18 included, *inter alia*, the failure to include the  accurate total number of hours worked by

19 Plaintiff and the other class members and the accurate total amount of wages earned by

20 Plaintiff and the other class members.

21       49.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

22 knew or should have known that Defendants had to keep complete and accurate payroll

23 records for Plaintiff and the other class members in accordance with California law, but, in

24 fact, did not keep complete and accurate payroll records.

25       50.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

26 knew or should have known that Plaintiff and the other class members were entitled to

27 reimbursement for necessary business-related expenses, including, but not limited to, costs

28 associated with the use of  personal phones for work related tasks.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

13

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

51.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

52.     Plaintiff is informed and believes, and based thereon alleges, that Plaintiff and the other class members were not timely paid their wages, including their final wages, due to Defendants' failure to pay the appropriate amount of regular and/or overtime wages and for missed, shortened, late, and/or interrupted meal periods and/or rest breaks in violation of California law, as well as reimbursement for all necessary business-related expenses.

53.     Plaintiff is informed and believes, and based thereon alleges, that Plaintiff and the other class members were entitled to reimbursement for all necessary business-related expenses, including but not limited to the costs associated with the use of personal phones for work related tasks and were not reimbursed accordingly.

54.     Plaintiff is informed and believes, and based thereon alleges, that unpaid regular and/or overtime wages earned and missed, shortened, late, and/or interrupted meal periods and/or rest breaks in violation of California law, included but were not limited to occasions Plaintiff and the other class members spent donning and doffing personal protective equipment and attending to tasks that were required to be completed.

55.     During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

56.     During the relevant time period, Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-

1   discretionary bonuses/non-discretionary performance pay and overtime wages in the same

2   workweek.

3       57.    During the relevant time period, Defendants failed to provide all requisite

4   uninterrupted meal and rest periods to Plaintiff and the other class members.

5       58.    During the relevant time period, Defendants failed to use the shift differential

6   pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the

7   regular rate of pay for the payment of meal or rest period premium wages where Plaintiff and the

8   other class members earned shift differential pay/commissions/non-discretionary bonuses/non-

9   discretionary performance pay and meal or rest period premium wages in the same workweek.

10      59.    During the relevant time period, Defendants required Plaintiff and the other class

11  members to remain on Defendants' premises during purported rest periods, thereby failing to

12  relieve them of all employer control.

13      60.    During the relevant time period, Defendants failed to pay Plaintiff and the other

14  class members at least minimum wages for all hours worked.

15      61.    During the relevant time period, Defendants failed to pay Plaintiff and the other

16  class members all wages owed to them upon discharge or resignation.

17      62.    During the relevant time period, Defendants failed to pay Plaintiff and the other

18  class members all wages within any time permissible under California law, including, *inter*

19  *alia*, California Labor Code section 204.

20      63.    During the relevant time period, Defendants failed to provide complete or

21  accurate wage statements to Plaintiff and the other class members.

22      64.    During the relevant time period, Defendants failed to keep complete or accurate

23  payroll records for Plaintiff and the other class members.

24      65.    During the relevant time period, Defendants failed to reimburse Plaintiff and the

25  other class members for all necessary business-related expenses and costs, including but not

26  limited to costs associated with the use of  personal phones for work related tasks.

27  ///

28  ///

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

66.    During the relevant time period, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

67.    California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

**FIRST CAUSE OF ACTION**

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against THE JACKSON LABORATORY, THE JACKSON LABORATORY, WEST, and DOES 1 through 100)**

68.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 67, and each and every part thereof with the same force and effect as though fully set forth herein.

69.    California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

70.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

71.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

72.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

73.     During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week, including performing work duties off-the-clock, including but not limited to, attending to tasks that were required to be completed, and donning and doffing personal protective equipment while off the clock in order to meet productivity quotas set by Defendants and avoid accruing unauthorized overtime under threat of discipline. At the direction of managers, Plaintiff and the other class members performed such work regularly during each shift in which they worked. Specifically, Plaintiff was required to check laboratory mice cages, complete reports on those mice, answer inquiries from the veterinarians, and don and doff personal protective equipment even after clocking out for a shift. These types of incidents occurred regularly through Plaintiff's employment with Defendants.

74.     During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members. Plaintiff and the other class members did not receive overtime compensation at one and one-half times their regular hourly rate of pay for all hours spent performing job duties in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work. By way of example, Plaintiff, during her employment, earned several shift differentials that were not incorporated into the calculation of her regular hourly rate of pay for the purposes of overtime and thus was not compensated at an overtime rate for all time worked in excess of eight (8) hours per day or (40) hours per week.

75.     Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

///

76. Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against THE JACKSON LABORATORY, THE JACKSON LABORATORY, WEST, and DOES 1 through 100)

77. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 76, and each and every part thereof with the same force and effect as though fully set forth herein.

78. At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

79. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

80. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

81. During the relevant time period, Plaintiff and the other class members' meal periods were missed, shortened, late, and/or were interrupted because of chronic understaffing and Defendants required them to perform work duties such as attending to tasks that were required to be completed in order to meet productivity quotas set by Defendants. By way of example, Plaintiff and other class members felt pressured to work through their meal break entirely, take their meal break after the fifth hour of work, or shorten their meal break to under

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

18

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

1    thirty (30) minutes in order to meet their productivity quotas without facing discipline from

2    Defendants.

3        82.    As a result, Defendants failed to relieve Plaintiff and the other class members'

4    activities, failed to permit Plaintiff and the other class members a reasonable opportunity to

5    take, and impeded or discouraged them from taking thirty (30) minute uninterrupted meal

6    periods no later than the end of their fifth hour of work for shifts lasting at least six (6) hours,

7    and/or to take second thirty (30) minute uninterrupted meal periods no later than their tenth

8    hour of work for shifts lasting more than ten (10) hours.

9        83.    At all relevant times, the applicable IWC Wage Order and California Labor

10    Code section 512(a) further provide that an employer may not require, cause or permit an

11    employee to work for a work period of more than ten (10) hours per day without providing the

12    employee with a second uninterrupted meal period of not less than thirty (30) minutes, except

13    that if the total hours worked is no more than twelve (12) hours, the second meal period may

14    be waived by mutual consent of the employer and the employee only if the first meal period

15    was not waived.

16        84.    During the relevant time period, Plaintiff and the other class members who were

17    scheduled to work for a period of time no longer than six (6) hours, and who did not waive

18    their legally-mandated meal periods by mutual consent, were required to work for periods

19    longer than five (5) hours without an uninterrupted meal period of not less than thirty (30)

20    minutes and/or rest period.

21        85.    During the relevant time period, Plaintiff and the other class members who were

22    scheduled to work for a period of time in excess of six (6) hours were required to work for

23    periods longer than five (5) hours without an uninterrupted meal period of not less than thirty

24    (30) minutes and/or rest period.

25        86.    During the relevant time period, Defendants intentionally and willfully required

26    Plaintiff and the other class members to work during meal periods and failed to compensate

27    Plaintiff and the other class members the full meal period premium for work performed during

28    meal periods.

87.    During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

88.    Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

89.    Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

## THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against THE JACKSON LABORATORY, THE JACKSON LABORATORY, WEST, and DOES 1 through 100)

90.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 89, and each and every part thereof with the same force and effect as though fully set forth herein.

91.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

92.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

93.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

94.     During the relevant time period, Defendants required Plaintiff and other class members to work three and one-half (3 ½)  or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period, or major fraction thereof, worked.

95.     During the relevant time period, Plaintiff and the other class members' rest periods were missed, shortened, late, and/or interrupted because Defendants required them to perform work duties, including, but not limited to, attending to tasks that were required to be completed in order to meet productivity quotas set by Defendants under threat of discipline by Defendants. By way of example, due to the requirement that Plaintiff and the other class members don and doff personal protective equipment for each break and return from their breaks within a time period set by Defendants, Plaintiff was unable to take a full, uninterrupted rest break of at least ten (10) minutes in order to return to her workstation timely and avoid discipline by Defendants. By way of further example, due to the pressure to meet productivity quotas and fear of discipline by Defendants, throughout her employment, Plaintiff was required to complete work tasks to meet productivity quotas and was unable to take a second, ten (10) minute rest break during shifts where she worked seven or more hours.

96.     As a result, Defendants failed to provide, authorize, and/or permit Plaintiff and other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3 ½) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and/or three full, uninterrupted, off-duty rest periods for every shift lasting ten (10) to fourteen (14) hours and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

97.     During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods. For example, throughout her employment with Defendants, although Plaintiff was not authorized and permitted to take full, uninterrupted, off-duty rest periods for each shift of

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

at least three and one-half (3 ½) hours she was not provided with rest period premium payments.

98.    During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

99.    Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

100.    Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each workday that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194, 1197, and 1197.1)

### (Against THE JACKSON LABORATORY, THE JACKSON LABORATORY, WEST, and DOES 1 through 100)

101.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 100, and each and every part thereof with the same force and effect as though fully set forth herein.

102.    At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

103.    During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1. Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off-the-clock performing work duties, including, but not limited to, attending to tasks that were required to be completed in order to meet productivity quotas set by Defendants and donning and doffing personal protective equipment.

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

104.    Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

105.    Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

106.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against THE JACKSON LABORATORY, THE JACKSON LABORATORY, WEST, and DOES 1 through 100)

107.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 106, and each and every part thereof with the same force and effect as though fully set forth herein.

108.    At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that  if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

109.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who were discharged their wages, earned and

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

unpaid, immediately at the time of their discharge. Plaintiff was not paid at the time of her discharge in December 2023 wages earned and unpaid throughout her employment, including but not limited to, minimum wages for time worked off-the-clock to perform work duties, including but not limited to, attending to tasks that were required to be completed to meet productivity quotas set by Defendants under threat of discipline by Defendants and donning and doffing personal protective equipment.

110.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who quit their employment with Defendants with less than seventy-two (72) hours' notice in their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ. Other class members were not given at the time of leaving Defendants' employ all of the wages earned and unpaid throughout their employment, including but not limited to, minimum wages for time worked off-the-clock completing work duties including, but not limited to, attending to tasks that were required to be completed to meet productivity quotas set by Defendants under threat of discipline by Defendants and donning and doffing personal protective equipment.

111.    Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

112.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

113.    Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

///

///

**SIXTH CAUSE OF ACTION**

**(Violation of California Labor Code § 226(a))**

**(Against THE JACKSON LABORATORY, THE JACKSON LABORATORY, WEST, and DOES 1 through 100)**

114.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 113, and each and every part thereof with the same force and effect as though fully set forth herein.

115.    At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

116.    Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members, and failure to include the name or address of the legal entity that is the employer.

117.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

protected rights. Because Plaintiff and the putative class members' wage statements did not reflect the accurate number of regular hours worked, did not reflect the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, Plaintiff and the putative class members were unable to determine the total amount of hours they worked, were unable to determine the total amount of compensation they were owed, and were unable to verify they were paid the proper amount. In order to determine how much Plaintiff and the putative class members should have been paid, Plaintiff and the putative class members would have had to engage in discovery and mathematical computations in order to reconstruct the missing information. Further the wage statements do not include the name or address of the legal entity that is the employer.

118. More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

119. Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

120. Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against THE JACKSON LABORATORY, THE JACKSON LABORATORY, WEST, and DOES 1 through 100)

121. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 120, and each and every part thereof with the same force and effect as though fully set forth herein.

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

122.    Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

123.    Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including but not limited to, the costs associated with the use of personal phones for work related tasks.

124.    Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

125.    Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## EIGHTH CAUSE OF ACTION

**(Violation of California Business & Professions Code §§ 17200, et seq.)**

**(Against THE JACKSON LABORATORY, THE JACKSON LABORATORY, WEST, and DOES 1 through 100)**

126.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 125, and each and every part thereof with the same force and effect as though fully set forth herein.

127.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

128.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

129.    A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

130.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

131.    Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

132.    Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

///

///

///

///

///

///

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

## NINTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2698, et seq.)

### (Against THE JACKSON LABORATORY, THE JACKSON LABORATORY, WEST, and DOES 1 through 100)

133.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 132, and each and every part thereof with the same force and effect as though fully set forth herein.

134.    PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

135.    Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

136.    Plaintiff and the other hourly-paid or non-exempt employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and the alleged violations were committed against them.

### Failure to Pay Overtime

137.    Defendants' failure to pay legally required overtime wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes a violation of California Labor Code sections 510 and 1198.

### Failure to Provide Meal Periods

138.    Defendants' failure to provide legally required meal periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes a violation of California Labor Code sections 226.7 and 512(a).

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**Failure to Provide Rest Periods**

139.    Defendants' failure to provide legally required rest periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes a violation of California Labor Code section 226.7.

**Failure to Pay Minimum Wages**

140.    Defendants' failure to pay legally required minimum wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes a violation of California Labor Code sections 1194, 1197 and 1197.1.

**Failure to Timely Pay Wages Upon Termination**

141.    Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes a violation of California Labor Code sections 201 and 202.

**Failure to Timely Pay Wages During Employment**

142.    Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes a violation of California Labor Code section 204.

**Failure to Provide Complete and Accurate Wage Statements**

143.    Defendants' failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes a violation of California Labor Code section 226(a).

**Failure to Keep Complete and Accurate Payroll Records**

144.    Defendants' failure to keep complete and accurate payroll records relating to Plaintiff and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes a violation of California Labor Code section 1174(d).

**Failure to Reimburse Necessary Business-Related Expenses and Costs**

145.    Defendants' failure to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

1    sections 2800 and 2802 constitutes a violation of California Labor Code sections 2800 and

2    2802.

3    146.    Pursuant to California Labor Code section 2699, Plaintiff, individually, and on

4    behalf of all aggrieved employees, requests and is entitled to recover from Defendants and

5    each of them, business expenses, unpaid wages, and/or untimely wages according to proof,

6    interest, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as

7    all statutory penalties against Defendants, and each of them, including but not limited to:

8        a.    Penalties under California Labor Code section 2699 in the amount of a

9            hundred dollars ($100) for each aggrieved employee per pay period for the

10           initial violation, and two hundred dollars ($200) for each aggrieved

11           employee per pay period for each subsequent violation;

12       b.    Penalties under California Code of Regulations Title 8 section 11010, et

13           seq. in the amount of fifty dollars ($50) for each aggrieved employee per

14           pay period for the initial violation, and one hundred dollars ($100) for

15           each aggrieved employee per pay period for each subsequent violation;

16       c.    Penalties under California Labor Code section 210 in addition to, and

17           entirely independent and apart from, any other penalty provided in the

18           California Labor Code in the amount of a hundred dollars ($100) for each

19           aggrieved employee per pay period for the initial violation, and two

20           hundred dollars ($200) for each aggrieved employee per pay period for

21           each subsequent violation; and

22       d.    Any and all additional penalties and sums as provided by the California

23           Labor Code and/or other statutes.

24   147.    Pursuant to California Labor Code section 2699(i), civil penalties recovered by

25   aggrieved employees shall be distributed as follows: sixty-five percent (65%) to the Labor and

26   Workforce Development Agency for the enforcement of labor laws and education of

27   employers and employees about their rights and responsibilities and thirty-five percent (35%)

28   to the aggrieved employees.

148.    Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable statute.

### DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, requests a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Class;

3.    That counsel for Plaintiff be appointed as Class Counsel; and

4.    That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194;

9. For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

10. For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

11. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

12. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

13. For all actual, consequential, and incidental losses and damages, according to proof;

14. For premium wages pursuant to California Labor Code section 226.7(c);

15. For pre-judgment interest on any unpaid wages from the date such amounts were due;

16. For reasonable attorneys' fees and costs of suit incurred herein;

17. For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

18. For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

19. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

///

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

20.    That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

21.    For all actual, consequential, and incidental losses and damages, according to proof;

22.    For premium wages pursuant to California Labor Code section 226.7(c);

23.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

24.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

25.    For such other and further relief as the Court may deem just and proper.

### As to the Fourth Cause of Action

26.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

27.    For general unpaid wages and such general and special damages as may be appropriate;

28.    For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

29.    For pre-judgment interest on any unpaid compensation from the date such amounts were due;

30.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

31.    For liquidated damages pursuant to California Labor Code section 1194.2;

32.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

33.    For such other and further relief as the Court may deem just and proper.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

### As to the Fifth Cause of Action

34.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

35.    For all actual, consequential, and incidental losses and damages, according to proof;

36.    For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

37.    For pre-judgment interest on any unpaid compensation from the date such amounts were due;

38.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

39.    For such other and further relief as the Court may deem just and proper.

### As to the Sixth Cause of Action

40.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

41.    For actual, consequential and incidental losses and damages, according to proof;

42.    For statutory penalties pursuant to California Labor Code section 226(e);

43.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h);

44.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

45.    For such other and further relief as the Court may deem just and proper.

///

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**As to the Seventh Cause of Action**

46.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

47.     For actual, consequential and incidental losses and damages, according to proof;

48.     For the imposition of civil penalties and/or statutory penalties;

49.     For reasonable attorneys' fees and costs of suit incurred herein;

50.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

51.     For such other and further relief as the Court may deem just and proper.

**As to the Eighth Cause of Action**

52.     That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

53.     For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

54.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

55.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

///

1    56.    For injunctive relief to ensure compliance with this section, pursuant to

2    California Business and Professions Code sections 17200, et seq.; and

3    57.    For such other and further relief as the Court may deem just and proper.

4    **As to the Ninth Cause of Action**

5    58.    For civil penalties and wages pursuant to California Labor Code sections

6    2699(a), (f) and (g) and 558 plus costs and attorneys' fees for violation of California Labor

7    Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1,

8    1198, 2800 and 2802; and

9    59.    For such other and further relief as the Court may deem equitable and

10   appropriate.

11   Dated: February 10, 2025                    **LAWYERS** *for* **JUSTICE, PC**

12

13                                         By: *s/ Dominic Scarangella*
                                              _____
14                                            Arby Aiwazian
                                              Arman Marukyan
15                                            Dominic Scarangella
                                              *Attorneys for* Plaintiff
16

17

18

19

20

21

22

23

24

25

26

27

28

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203