UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMALIE SEIJAS, on behalf of themself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE JACKSON LABORATORY, et al.,<br><br>Defendants. | No. 2:24-cv-03423-DJC-AC<br><br><br>ORDER |

Before the Court is Plaintiff's ex parte application for an extension of the deadline to file a motion for class certification and other related deadlines. (Ex Parte Appl. (ECF No. 24).) The Court ordered Defendants to respond to Plaintiff's application (ECF No. 25), and they did so. (Opp'n (ECF No. 26).)

The Scheduling Order in this case designates October 17, 2025, as the deadline for Plaintiff to file a motion for class certification. (Scheduling Order (ECF No. 20) at 4.) Plaintiff seeks to extend this deadline to April 17, 2026, and proportionally extend related deadlines. (Ex Parte Appl. at 4.)

District courts have broad discretion in supervising the pretrial phase of litigation. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). A scheduling order "may be modified only for good cause and with the judge's

1

consent." Fed. R. Civ. P. 16(b)(4).  Under this standard, a "schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." *Krohne Fund, LP v. Simonsen*, 681 F. App'x 635, 638 (9th Cir. 2017) (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)) (internal quotation marks omitted).

The Court finds sufficient good cause to extend the deadline for Plaintiff to file a motion for class certification.  Though Plaintiff has not displayed the level of diligence this Court expects of litigants, due to Defendants' largely unresponsive discovery responses the Court does not expect that Plaintiff can reasonably meet the existing class certification deadline.  Further, Plaintiff's requests for extensions of discovery deadlines stemmed in part from a good faith belief that the parties were engaged in informal discovery in furtherance of ongoing settlement negotiations.  (Ex Parte Appl. at 13.)  However, the Court declines to extend any other deadlines at this time.

Therefore, IT IS HEREBY ORDERED that Plaintiff's deadline to file a motion for class certification is extended to April 17, 2026.  The Court warns the parties that no further extensions of time will be granted absent a showing of good cause.

IT IS SO ORDERED.

Dated:   **October 17, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – seijas24cv03423.epa

2